EXHIBIT B

FILED

2015 Jan-09  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | 01-CV-201<br><br>Date of Filing:<br>12/12/2014 |
|---|---|---|

ELECTRONICALLY FILED<br>12/12/2014 4:42 PM<br>01-CV-2014-905098.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### TYRA KIRKSEY v. SCHINDLER ELEVATOR CORPORATION ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT _____

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes ☐ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** BRO209    12/12/2014 4:42:07 PM    /s/ GREGORY AUSTIN BROCKWI

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided

ELECTRONICALLY FILED
6/21/2014 4:42 PM
01-CV-2014-905098.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRA KIRKSEY, as mother, next friend,** ) | |
| **and legal heir of JAKOBE KIRKSEY,** ) | |
| **a deceased minor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CV-2014-_____** |
| ) | |
| **SCHINDLER ELEVATOR** ) | |
| **CORPORATION;** ) | |
| **SEARS, ROEBUCK AND CO.,** ) | |
| **Fictitious Parties 1-10,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>COMPLAINT</u>

COMES NOW the Plaintiff and files the following as her complaint against the Defendants:

1.      Plaintiff is the mother, next friend, and legal heir of Jakobe Kirksey, a deceased minor (the "Decedent").

2.      Defendant Schindler Elevator Corporation ("Schindler") is a foreign corporation with its only place of business in Alabama in Birmingham, Alabama.

3.      Defendant Sears, Roebuck and Co. ("Sears") is the owner of the "Sears" retail store (the "Store") located at Bel Air Mall in Mobile, Alabama.   Sears at all relevant times has done business by agent in Birmingham, Alabama.

4.      Fictitious Parties 1-10 are those individuals or entities who are or may be liable for the acts and/or omissions alleged in this Complaint, but whose identities are not presently known to Plaintiff.

5.      All Defendants are properly subject to jurisdiction and venue in this Court.

6.      On June 14, 2014, the Decedent was an invitee of the Store. While on the Store's premises, the Decedent fell from an escalator (the "Escalator") and died as a result of his severe injuries.

7.      Defendant Schindler manufactured the Escalator and, at all relevant times, was under a duty to provide an escalator that was non-defective, safe, and suitable for all foreseeable public use.

8.      Upon information and belief, Defendant Schindler was responsible for maintenance on the Escalator and, at all relevant times, was under a duty to provide an escalator that was non-defective, safe, and suitable for all foreseeable public use.

9.      Defendant Sears owned the Escalator and held it open for the public use in the Store. At all relevant times, Sears was under a duty to provide an escalator that was non-defective, safe, and suitable for all foreseeable public use.

10.     Furthermore, because an escalator is a common carrier, the Defendants were under an even heightened duty of care.

11.     The Defendants, with actual or constructive knowledge, allowed an unreasonably dangerous and defective condition to exist with the Escalator.

12.     The Defendants at all times have been or should have been aware that children are known to interact, whether innocently or playfully, with the handrails of escalators and are thereby subject to a risk of falling.   This is a commonly known safety issue in the escalator industry, for both manufacturers and owners.

13.     At all times it was foreseeable to the Defendants that escalator riders—especially children—will interact with the sides and handrails of an escalator in a way that can cause the rider

to fall over the handrail and sustain severe injury and/or death. While not widely known to the general public, this has happened many times. It is an industry-wide safety hazard.

14. Indeed, only a few months before the Decedent's accident, these same Defendants settled a case arising from a similar death that occurred in a different Sears store.

15. At all times the Defendants have known or should have known that there are available and reasonable safety measures that would prevent such accidents, including but not limited to additional safety railings, safety barricades, and higher railings as well as additional signage, warnings, training, and procedures.

16. Either wantonly or negligently, the Defendants failed to implement any such safety measures at the Store.

17. The Defendants' negligent and/or wanton acts or omissions proximately caused the Decedent's death.

## COUNT I

### (Wrongful Death)

18. Plaintiff adopts and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

19. The Defendants' negligent and/or wanton acts or omissions proximately caused the Decedent's death.

20. The Defendants are jointly and severally liable to Plaintiff under Alabama's wrongful death statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment against the Defendants in such amount as the trier of fact may assess, plus interest, costs and such other or further relief as may be appropriate.

## COUNT II

### (Fictitious Defendants)

21.     Plaintiff adopts and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

22.     Fictitious Parties 1-10 are those individuals or entities who are or may be liable for the acts and/or omissions alleged in this Complaint, but whose identities are not presently known to Plaintiff.

23.     The negligent and/or wanton acts or omissions of Fictitious Parties 1-10 proximately caused the Decedent's death.

24.     Fictitious Parties 1-10 are jointly and severally liable to Plaintiff under Alabama's wrongful death statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment against Fictitious Parties 1-10 in such amount as the trier of fact may assess, plus interest, costs and such other or further relief as may be appropriate.

**Plaintiff demands trial by struck jury on all issues so triable.**

Respectfully submitted,

 /s/ Mark B. Wilson
Mark B. Wilson
*Attorney for Plaintiff*

**OF COUNSEL:**

Mark B. Wilson
P.O. Box 69
Chelsea, AL 35043
(205) 792-9070

4

           /s/ Gregory A. Brockwell
          Gregory A. Brockwell (BRO-209)
          *Attorney for Plaintiff*

**OF COUNSEL**

LEITMAN, SIEGAL & PAYNE, P.C.
420 20th Street North, Suite 2000
Birmingham, AL 35203
Telephone:    (205) 251-5900
Facsimile:    (205) 986-5071

**Please serve Defendants by certified mail as follows:**

Schindler Elevator Corporation
c/o Registered Agent
CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Sears, Roebuck and Co.
c/o Registered Agent
CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104



ELECTRONICALLY FILED
6/24/2014 4:42 PM
01-CV-2014-905098.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **TYRA KIRKSEY, as mother, next friend,** | ) | |
| **and legal heir of JAKOBE KIRKSEY,** | ) | |
| **a deceased minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV-2014-_____** |
| | ) | |
| **SCHINDLER ELEVATOR** | ) | |
| **CORPORATION;** | ) | |
| **SEARS, ROEBUCK AND CO.,** | ) | |
| **Fictitious Parties 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to the Alabama Rules of Civil Procedure, each Defendant is requested to admit or deny the following:

1. On June 14, 2014 (the "Accident Date"), Jakobe Kirksey (the "Decedent") was an invitee of the Sears store (the "Store") located at Bel Air Mall in Mobile, Alabama.

2. While on the Store's premises, the Decedent fell (the "Accident") from an escalator (the "Escalator") and died as a result of his severe injuries.

3. On the Accident Date, Defendant Sears owned the Escalator.

4. On the Accident Date, Defendant Sears operated and controlled the Store.

5. On the Accident Date, Defendant Sears operated and controlled the Escalator.

6. On the Accident Date, Defendant Sears was responsible for the maintenance, upkeep, and repair of the Escalator.

7. Defendant Schindler manufactured the Escalator.

1

8.      On the Accident Date, a contract existed between Defendant Sears and Defendant Schindler relating to the maintenance, upkeep, and repair of the Escalator.

9.      On the Accident Date, Defendant Schindler was responsible for the maintenance, upkeep, and repair of the Escalator.

10.     Defendant Sears is in possession of documents relating to the installation, maintenance, upkeep, and/or repair of the Escalator.

11.     Defendant Schindler is in possession of documents relating to the installation, maintenance, upkeep, and/or repair of the Escalator.

12.     On the Accident Date, a third party (neither Sears nor Schindler) was responsible for the maintenance, upkeep, and repair of the Escalator.

13.     On the Accident Date, a third party (neither Sears nor Schindler) owned, operated, or controlled the Escalator.

14.     Defendant Sears is in possession of video of the Accident.

15.     Defendant Schindler is in possession of video of the Accident.

16.     Defendant Sears is in possession of photos of the Accident.

17.     Defendant Schindler is in possession of photos of the Accident.

18.     Defendant Sears conducted an investigation of the Accident.

19.     Defendant Schindler conducted an investigation of the Accident.

20.     Defendant Sears is in possession of documents related to an investigation of the Accident.

21.     Defendant Schindler is in possession of documents related to an investigation of the Accident.

22.     Safety for escalator riders is first and foremost.

23.     Safety for escalator riders is a top priority.

24.     Nothing is more important than safety for escalator riders.

25.     Children are known to interact with the handrails of escalators and are thereby subject to a risk of falling.

26.     The risk of children falling over handrails is a commonly known safety issue in the escalator industry.

27.     At the time of the Accident Date, Defendant Sears was aware of other incidents where a child fell over an escalator handrail and was injured or killed.

28.     At the time of the Accident Date, Defendant Schindler was aware of other incidents where a child fell over an escalator handrail and was injured or killed.

29.     At the time of the Accident, the Escalator included all available safety measures.

30.     At the time of the Accident, certain safety codes and standards applied to the Escalator.

31.     At the time of the Accident, the Escalator complied with all applicable safety codes and standards.

32.     There are available safety measures that would have prevented the Accident.

33.     There are available safety measures that would have reduced the likelihood of the Accident.

34.     No third party is or may be liable to Defendant Sears as a result of the allegations in the Complaint in this action.

35.     No third party is or may be liable to Defendant Schindler as a result of the allegations in the Complaint in this action.

36.     The owner of Bel Air Mall has no possible responsibility for the allegations in the Complaint in this action.

37.     No third party has any possible responsibility for the allegations in the Complaint in this Action.

38.     All parties who have any possible liability in this action have been named in the Complaint.

Respectfully submitted,

 /s/ Mark B. Wilson
Mark B. Wilson
*Attorney for Plaintiff*

**OF COUNSEL:**

Mark B. Wilson
P.O. Box 69
Chelsea, AL 35043
(205) 792-9070

 /s/ Gregory A. Brockwell
Gregory A. Brockwell (BRO-209)
*Attorney for Plaintiff*

**OF COUNSEL**

LEITMAN, SIEGAL & PAYNE, P.C.
420 20th Street North, Suite 2000
Birmingham, AL 35203
Telephone:     (205) 251-5900
Facsimile:     (205) 986-5071

**PLEASE SERVE WITH COMPLAINT**

4

ELECTRONICALLY FILED
12/15/2014 4:42 PM
01-CV-2014-905098.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| TYRA KIRKSEY, as mother, next friend, ) | |
| and legal heir of JAKOBE KIRKSEY, ) | |
| a deceased minor, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CV-2014-_____** |
| ) | |
| SCHINDLER ELEVATOR ) | |
| CORPORATION; ) | |
| SEARS, ROEBUCK AND CO., ) | |
| Fictitious Parties 1-10, ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Alabama Rules of Civil Procedure, each Defendant is requested to produce the following documents:

1.      Any and all documents admitted to exist in responding to Plaintiff's First Request for Admissions.

2.      Any and all videos admitted to exist in responding to Plaintiff's First Request for Admissions.

3.      Any and all photographs admitted to exist in responding to Plaintiff's First Request for Admissions.

4.      Any and all contracts admitted to exist in responding to Plaintiff's First Request for Admissions.

5.      Any and all Accident investigation documents admitted to exist in responding to Plaintiff's First Request for Admissions.

1

6. Any and all safety codes and standards admitted to be applicable to the Escalator in responding to Plaintiff's First Request for Admissions.

7. Any and all documents related to any "available safety measures" admitted to exist in responding to Plaintiff's First Request for Admissions.

8. Any and all insurance policies that may provide defense and/or indemnity coverage for either Defendant in this action.

9. Any and all indemnity agreements that may have any relevance to this action.

10. Any and all contracts or other agreements relating to the Escalator.

11. Defendant Sears' lease agreement for the Store.

12. Any and all contracts or other agreements between Defendant Sears and the owner of Bel Air Mall.

13. Any and all documents related to the alleged risk of escalator riders (including children) falling over the escalator handrail.

14. Any and all documents related to any possible safety measures that may prevent or reduce the likelihood of escalator riders (including children) falling over the escalator handrail.

15. Any and all documents related to escalator safety.

16. Any and all documents related to the installation of the Escalator.

17. Any and all documents related to the maintenance, upkeep, and repair of the Escalator.

18. Any and all communications between a Defendant and Plaintiff or any representative of Plaintiff.

19. Any and all statements given by Plaintiff or any representative or relative of Plaintiff.

20.     Any witness statements.

21.     Any police reports related to the Accident.

22.     Any manuals, bulletins, memoranda, or other such documents relating to installation, repair, maintenance, or upkeep of the Escalator or similar models.

23.     Any and all documents relating to an escalator accident involving Mark Dibona occurring at the Sears store at Auburn Mall on or about March 11, 2011.

Respectfully submitted,

 /s/ Mark B. Wilson

Mark B. Wilson
*Attorney for Plaintiff*

**OF COUNSEL:**

Mark B. Wilson
P.O. Box 69
Chelsea, AL 35043
(205) 792-9070

 /s/ Gregory A. Brockwell

Gregory A. Brockwell (BRO-209)
*Attorney for Plaintiff*

**OF COUNSEL**

LEITMAN, SIEGAL & PAYNE, P.C.
420 20th Street North, Suite 2000
Birmingham, AL 35203
Telephone:     (205) 251-5900
Facsimile:     (205) 986-5071

**PLEASE SERVE WITH COMPLAINT**



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
TYRA KIRKSEY V. SCHINDLER ELEVATOR CORPORATION ET AL

01-CV-2014-905098.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $15.22

Parties to be served by Certified Mail - Return Receipt Requested

SCHINDLER ELEVATOR CORPORATION                         Postage: $7.61
C/O CT CORPORATION
2 NORTH JACKSON ST., SUIT
MONTGOMERY, AL 36104

SEARS, ROEBUCK & CO.                                   Postage: $7.61
C/O CT CORPORATION
2 N. JACKSON ST, STE 605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

*CV-2014-905098*
*S/C*
*D.1*

Postmark Here

Sent To *Schindler Elevator Corp.*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7014 1200 0000 7723 2950

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

1. Article Addressed to:

SCHINDLER ELEVATOR CORPORATION
C/O CT CORPORATION
2 NORTH JACKSON ST., SUIT
MONTGOMERY, AL 36104

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®          ☐ Priority Mail Express™
☐ Registered          ☑ Return Receipt for Merchandise
☐ Insured Mail          ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

*CV-2014-905098   S/C   D.1*

2. Article Number
*(Transfer from service label)*          7014 1200 0000 7723 2950

PS Form 3811, July 2013          Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | CV-2014-905098 |
| Return Receipt Fee (Endorsement Required) | s/c |
| Restricted Delivery Fee (Endorsement Required) | D-2 |
| Total Postage & Fees | $ |

Postmark
Here

Sent To *Sears, Roebuck & Co.*
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

7014 1200 0000 7723 2967

PS Form 3800, August 2006          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SEARS, ROEBUCK & CO.

C/O CT CORPORATION
2 N. JACKSON ST, STE 605
MONTGOMERY, AL 36104

CV-2014-905098   s/c      D-2

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                      ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

2. Article Number
(Transfer from service label)     7014 1200 0000 7723 2967

PS Form 3811, July 2013          Domestic Return Receipt



AlaFile E-Notice

ELECTRONICALLY FILED
12/12/2014 1:11 PM
01-CV-2014-905098.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

01-CV-2014-905098.00

To:  GREGORY AUSTIN BROCKWELL
     gbrockwell@lsppc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

TYRA KIRKSEY V. SCHINDLER ELEVATOR CORPORATION ET AL
01-CV-2014-905098.00

The following complaint was FILED on 12/12/2014 4:42:22 PM

Notice Date:     12/12/2014 4:42:22 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | 01-CV-201-<br>Date of Filing:<br>12/12/2014 |
|---|---|---|

ELECTRONICALLY FILED
12/12/2014 4:42 PM
01-CV-2014-905098.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## GENERAL INFORMATION

IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA

TYRA KIRKSEY v. SCHINDLER ELEVATOR CORPORATION ET AL

First Plaintiff: ☐ Business ☑ Individual ☐ Government ☐ Other

First Defendant: ☑ Business ☐ Individual ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

ORIGIN: F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT    _____

HAS JURY TRIAL BEEN DEMANDED?    ☑ Yes  ☐ No

RELIEF REQUESTED:    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:    BRO209    12/12/2014 4:42:07 PM    /s/ GREGORY AUSTIN BROCKWI

MEDIATION REQUESTED:    ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
12/3/2014 4:42 PM
01-CV-2014-905098.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **TYRA KIRKSEY, as mother, next friend,** | ) | |
| **and legal heir of JAKOBE KIRKSEY,** | ) | |
| **a deceased minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV-2014-_____** |
| | ) | |
| **SCHINDLER ELEVATOR** | ) | |
| **CORPORATION;** | ) | |
| **SEARS, ROEBUCK AND CO.,** | ) | |
| **Fictitious Parties 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff and files the following as her complaint against the Defendants:

1.      Plaintiff is the mother, next friend, and legal heir of Jakobe Kirksey, a deceased minor (the "Decedent").

2.      Defendant Schindler Elevator Corporation ("Schindler") is a foreign corporation with its only place of business in Alabama in Birmingham, Alabama.

3.      Defendant Sears, Roebuck and Co. ("Sears") is the owner of the "Sears" retail store (the "Store") located at Bel Air Mall in Mobile, Alabama.   Sears at all relevant times has done business by agent in Birmingham, Alabama.

4.      Fictitious Parties 1-10 are those individuals or entities who are or may be liable for the acts and/or omissions alleged in this Complaint, but whose identities are not presently known to Plaintiff.

5.      All Defendants are properly subject to jurisdiction and venue in this Court.

1

6.      On June 14, 2014, the Decedent was an invitee of the Store. While on the Store's premises, the Decedent fell from an escalator (the "Escalator") and died as a result of his severe injuries.

7.      Defendant Schindler manufactured the Escalator and, at all relevant times, was under a duty to provide an escalator that was non-defective, safe, and suitable for all foreseeable public use.

8.      Upon information and belief, Defendant Schindler was responsible for maintenance on the Escalator and, at all relevant times, was under a duty to provide an escalator that was non-defective, safe, and suitable for all foreseeable public use.

9.      Defendant Sears owned the Escalator and held it open for the public use in the Store. At all relevant times, Sears was under a duty to provide an escalator that was non-defective, safe, and suitable for all foreseeable public use.

10.     Furthermore, because an escalator is a common carrier, the Defendants were under an even heightened duty of care.

11.     The Defendants, with actual or constructive knowledge, allowed an unreasonably dangerous and defective condition to exist with the Escalator.

12.     The Defendants at all times have been or should have been aware that children are known to interact, whether innocently or playfully, with the handrails of escalators and are thereby subject to a risk of falling.   This is a commonly known safety issue in the escalator industry, for both manufacturers and owners.

13.     At all times it was foreseeable to the Defendants that escalator riders—especially children—will interact with the sides and handrails of an escalator in a way that can cause the rider

2

to fall over the handrail and sustain severe injury and/or death.   While not widely known to the general public, this has happened many times.   It is an industry-wide safety hazard.

14.     Indeed, only a few months before the Decedent's accident, these same Defendants settled a case arising from a similar death that occurred in a different Sears store.

15.     At all times the Defendants have known or should have known that there are available and reasonable safety measures that would prevent such accidents, including but not limited to additional safety railings, safety barricades, and higher railings as well as additional signage, warnings, training, and procedures.

16.     Either wantonly or negligently, the Defendants failed to implement any such safety measures at the Store.

17.     The Defendants' negligent and/or wanton acts or omissions proximately caused the Decedent's death.

## COUNT I

### (Wrongful Death)

18.     Plaintiff adopts and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

19.     The Defendants' negligent and/or wanton acts or omissions proximately caused the Decedent's death.

20.     The Defendants are jointly and severally liable to Plaintiff under Alabama's wrongful death statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment against the Defendants in such amount as the trier of fact may assess, plus interest, costs and such other or further relief as may be appropriate.

3

## COUNT II

### (Fictitious Defendants)

21.     Plaintiff adopts and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

22.     Fictitious Parties 1-10 are those individuals or entities who are or may be liable for the acts and/or omissions alleged in this Complaint, but whose identities are not presently known to Plaintiff.

23.     The negligent and/or wanton acts or omissions of Fictitious Parties 1-10 proximately caused the Decedent's death.

24.     Fictitious Parties 1-10 are jointly and severally liable to Plaintiff under Alabama's wrongful death statute.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for a judgment against Fictitious Parties 1-10 in such amount as the trier of fact may assess, plus interest, costs and such other or further relief as may be appropriate.

**Plaintiff demands trial by struck jury on all issues so triable.**

Respectfully submitted,

 /s/ Mark B. Wilson
Mark B. Wilson
*Attorney for Plaintiff*

**OF COUNSEL:**

Mark B. Wilson
P.O. Box 69
Chelsea, AL 35043
(205) 792-9070

4

　　　　　　　　　　　　　　　　　　　　_/s/ Gregory A. Brockwell_____

　　　　　　　　　　　　　　　　　　　　Gregory A. Brockwell (BRO-209)

　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

**OF COUNSEL**

LEITMAN, SIEGAL & PAYNE, P.C.
420 20th Street North, Suite 2000
Birmingham, AL 35203
Telephone:　　(205) 251-5900
Facsimile:　　(205) 986-5071

**Please serve Defendants by certified mail as follows:**

Schindler Elevator Corporation
c/o Registered Agent
CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Sears, Roebuck and Co.
c/o Registered Agent
CT Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
12/15/2014 4:42 PM
01-CV-2014-905098.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| **TYRA KIRKSEY, as mother, next friend,** | ) | |
| **and legal heir of JAKOBE KIRKSEY,** | ) | |
| **a deceased minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV-2014-_____** |
| | ) | |
| **SCHINDLER ELEVATOR** | ) | |
| **CORPORATION;** | ) | |
| **SEARS, ROEBUCK AND CO.,** | ) | |
| **Fictitious Parties 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to the Alabama Rules of Civil Procedure, each Defendant is requested to admit or deny the following:

1. On June 14, 2014 (the "Accident Date"), Jakobe Kirksey (the "Decedent") was an invitee of the Sears store (the "Store") located at Bel Air Mall in Mobile, Alabama.

2. While on the Store's premises, the Decedent fell (the "Accident") from an escalator (the "Escalator") and died as a result of his severe injuries.

3. On the Accident Date, Defendant Sears owned the Escalator.

4. On the Accident Date, Defendant Sears operated and controlled the Store.

5. On the Accident Date, Defendant Sears operated and controlled the Escalator.

6. On the Accident Date, Defendant Sears was responsible for the maintenance, upkeep, and repair of the Escalator.

7. Defendant Schindler manufactured the Escalator.

8.     On the Accident Date, a contract existed between Defendant Sears and Defendant Schindler relating to the maintenance, upkeep, and repair of the Escalator.

9.     On the Accident Date, Defendant Schindler was responsible for the maintenance, upkeep, and repair of the Escalator.

10.    Defendant Sears is in possession of documents relating to the installation, maintenance, upkeep, and/or repair of the Escalator.

11.    Defendant Schindler is in possession of documents relating to the installation, maintenance, upkeep, and/or repair of the Escalator.

12.    On the Accident Date, a third party (neither Sears nor Schindler) was responsible for the maintenance, upkeep, and repair of the Escalator.

13.    On the Accident Date, a third party (neither Sears nor Schindler) owned, operated, or controlled the Escalator.

14.    Defendant Sears is in possession of video of the Accident.

15.    Defendant Schindler is in possession of video of the Accident.

16.    Defendant Sears is in possession of photos of the Accident.

17.    Defendant Schindler is in possession of photos of the Accident.

18.    Defendant Sears conducted an investigation of the Accident.

19.    Defendant Schindler conducted an investigation of the Accident.

20.    Defendant Sears is in possession of documents related to an investigation of the Accident.

21.    Defendant Schindler is in possession of documents related to an investigation of the Accident.

22.    Safety for escalator riders is first and foremost.

2

23.     Safety for escalator riders is a top priority.

24.     Nothing is more important than safety for escalator riders.

25.     Children are known to interact with the handrails of escalators and are thereby subject to a risk of falling.

26.     The risk of children falling over handrails is a commonly known safety issue in the escalator industry.

27.     At the time of the Accident Date, Defendant Sears was aware of other incidents where a child fell over an escalator handrail and was injured or killed.

28.     At the time of the Accident Date, Defendant Schindler was aware of other incidents where a child fell over an escalator handrail and was injured or killed.

29.     At the time of the Accident, the Escalator included all available safety measures.

30.     At the time of the Accident, certain safety codes and standards applied to the Escalator.

31.     At the time of the Accident, the Escalator complied with all applicable safety codes and standards.

32.     There are available safety measures that would have prevented the Accident.

33.     There are available safety measures that would have reduced the likelihood of the Accident.

34.     No third party is or may be liable to Defendant Sears as a result of the allegations in the Complaint in this action.

35.     No third party is or may be liable to Defendant Schindler as a result of the allegations in the Complaint in this action.

36.     The owner of Bel Air Mall has no possible responsibility for the allegations in the Complaint in this action.

37.     No third party has any possible responsibility for the allegations in the Complaint in this Action.

38.     All parties who have any possible liability in this action have been named in the Complaint.

Respectfully submitted,

 /s/ Mark B. Wilson
Mark B. Wilson
*Attorney for Plaintiff*

**OF COUNSEL:**

Mark B. Wilson
P.O. Box 69
Chelsea, AL 35043
(205) 792-9070

 /s/ Gregory A. Brockwell
Gregory A. Brockwell (BRO-209)
*Attorney for Plaintiff*

**OF COUNSEL**

LEITMAN, SIEGAL & PAYNE, P.C.
420 20th Street North, Suite 2000
Birmingham, AL 35203
Telephone:     (205) 251-5900
Facsimile:      (205) 986-5071

**PLEASE SERVE WITH COMPLAINT**

4



ELECTRONICALLY FILED
12/15/2014 4:42 PM
01-CV-2014-905098.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **TYRA KIRKSEY, as mother, next friend,** ) | |
| **and legal heir of JAKOBE KIRKSEY,** ) | |
| **a deceased minor,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CV-2014-_____** |
| ) | |
| **SCHINDLER ELEVATOR** ) | |
| **CORPORATION;** ) | |
| **SEARS, ROEBUCK AND CO.,** ) | |
| **Fictitious Parties 1-10,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the Alabama Rules of Civil Procedure, each Defendant is requested to produce the following documents:

1.      Any and all documents admitted to exist in responding to Plaintiff's First Request for Admissions.

2.      Any and all videos admitted to exist in responding to Plaintiff's First Request for Admissions.

3.      Any and all photographs admitted to exist in responding to Plaintiff's First Request for Admissions.

4.      Any and all contracts admitted to exist in responding to Plaintiff's First Request for Admissions.

5.      Any and all Accident investigation documents admitted to exist in responding to Plaintiff's First Request for Admissions.

1

6.      Any and all safety codes and standards admitted to be applicable to the Escalator in responding to Plaintiff's First Request for Admissions.

7.      Any and all documents related to any "available safety measures" admitted to exist in responding to Plaintiff's First Request for Admissions.

8.      Any and all insurance policies that may provide defense and/or indemnity coverage for either Defendant in this action.

9.      Any and all indemnity agreements that may have any relevance to this action.

10.     Any and all contracts or other agreements relating to the Escalator.

11.     Defendant Sears' lease agreement for the Store.

12.     Any and all contracts or other agreements between Defendant Sears and the owner of Bel Air Mall.

13.     Any and all documents related to the alleged risk of escalator riders (including children) falling over the escalator handrail.

14.     Any and all documents related to any possible safety measures that may prevent or reduce the likelihood of escalator riders (including children) falling over the escalator handrail.

15.     Any and all documents related to escalator safety.

16.     Any and all documents related to the installation of the Escalator.

17.     Any and all documents related to the maintenance, upkeep, and repair of the Escalator.

18.     Any and all communications between a Defendant and Plaintiff or any representative of Plaintiff.

19.     Any and all statements given by Plaintiff or any representative or relative of Plaintiff.

2

20.     Any witness statements.

21.     Any police reports related to the Accident.

22.     Any manuals, bulletins, memoranda, or other such documents relating to installation, repair, maintenance, or upkeep of the Escalator or similar models.

23.     Any and all documents relating to an escalator accident involving Mark Dibona occurring at the Sears store at Auburn Mall on or about March 11, 2011.

Respectfully submitted,

/s/ Mark B. Wilson
Mark B. Wilson
*Attorney for Plaintiff*

**OF COUNSEL:**

Mark B. Wilson
P.O. Box 69
Chelsea, AL 35043
(205) 792-9070

/s/ Gregory A. Brockwell
Gregory A. Brockwell (BRO-209)
*Attorney for Plaintiff*

**OF COUNSEL**

LEITMAN, SIEGAL & PAYNE, P.C.
420 20th Street North, Suite 2000
Birmingham, AL 35203
Telephone:     (205) 251-5900
Facsimile:     (205) 986-5071

**PLEASE SERVE WITH COMPLAINT**

3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SEARS, ROEBUCK & CO.

C/O CT CORPORATION
2 N. JACKSON ST, STE 605

MONTGOMERY, AL 36104

CV-2014-905098  s/c  D.J

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                                ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Priority Mail Express™
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)

   7014 1200 0000 7723 2967

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

19 DEC '14

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

DEC 22 2014

ANNE-MARIE ADAMS
CLERK

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK

ROOM 400 JEFF. CO. COURTHOUSE

716 RICHARD ARRINGTON JR BLVD. NO.

BIRMINGHAM, ALABAMA 35203

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SCHINDLER ELEVATOR CORPORATION

C/O CT CORPORATION

2 NORTH JACKSON ST., SUIT

MONTGOMERY, AL 36104

*CU-2014-905098  s/c      D.1*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Laura Payne_    ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery
                                        12-18-15

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:     ☐ No

3. Service Type
☑ Certified Mail®      ☐ Priority Mail Express™
☐ Registered          ☑ Return Receipt for Merchandise
☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? *(Extra Fee)*          ☐ Yes

2. Article Number
   *(Transfer from service label)*

7014 1200 0000 7723 2950

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

* Sender: Please print your name, address, and ZIP+4® in this box•

DEC 2 2014

ANNE-MARIE ADAMS
CLERK

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _Laura Payne_ ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
12 18 19

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

SCHINDLER ELEVATOR CORPORATION

C/O CT CORPORATION

2 NORTH JACKSON ST., SUIT

MONTGOMERY, AL 36104

3. Service Type
☑ Certified Mail®  ☐ Priority Mail Express™
☐ Registered      ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ Collect on Delivery

CV-2014-905098   s/c   D-1

4. Restricted Delivery? *(Extra Fee)*      ☐ Yes

2. Article Number
*(Transfer from service label)*      7014 1200 0000 7723 2950

PS Form 3811, July 2013          Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

• Sender: Please print your name, address, and ZIP+4® in this box•

DEC 2 2014

ANNE-MARIE ADAMS

CLERK

ANNE-MARIE ADAMS, CLERK

ROOM 400 JEFF. CO. COURTHOUSE

716 RICHARD ARRINGTON JR BLVD. NO.

BIRMINGHAM, ALABAMA  35203