**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SEARS AND ROEBUCK AND CO.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 16-00272-KD-B** |
| | ) | |
| **HARDIN CONSTRUCTION** | ) | |
| **GROUP, INC., et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter is before the Court on Defendants' Motions to Dismiss (Docs. 10, 38)

Plaintiff's Responses in Opposition (Docs. 18, 47), and Defendants' Replies (Doc. 24). Upon

consideration, and for the reasons discussed herein, the motions to dismiss are **GRANTED**.

I.    **Background**

On June 9, 2016, Plaintiff Sears and Robuck ("Sears") filed this action against five

defendants: 1) Hardin Construction Group, Inc. ("Hardin Inc."); 2) Carl M. Hair, Jr. ("Hair")[1]; 3)

Hardin Construction Company, LLC ("Hardin LLC"); 4) DPR Construction, GP ("DPR GP");

and 5) DPR Construction, Inc. ("DPR Inc.").[2] The Court's jurisdiction is founded on diversity

pursuant to 28 U.S.C. § 1332.

In 1996, Sears and Hardin Inc. contracted for Hardin Inc. to make renovations to Sears'

Bel Air Mall retail store location in Mobile, Alabama. The construction contract called for

Hardin Inc. to "install the elevators and escalators" in the store. (Doc. 1 at 3). On June 14, 2014,

---

[1] Hair was dismissed from this action on October 3, 2016. (Docs. 51, 62). Accordingly, Hair's motion to dismiss (Doc. 39) is **MOOT**.
[2] On October 4, 2016 the Court held a hearing on this matter. The Court instructed the Defendants to supplement their filings with additional information regarding the proper parties in this matter. On October 18, 2016, Defendants Hardin LLC, DPR GP, and DPR Inc. submitted supplemental briefing indicating that either Hardin LLC or Hardin Inc. were proper defendants. (Doc. 64). Both parties are named in this suit. The sole member of Hardin LLC is DPR GP and DPR Inc. is one of three members of DPR GP. (Id.). Hardin Inc. is a dissolved entity but it appears Hardin LLC is one of its successors. (Id.).

there was a fatal accident involving an escalator at the Mobile Sears location. Sears has been sued for wrongful death in a separate action.[3]

The instant Complaint alleges that, pursuant to the terms of their construction contract Hardin Inc. is required to defend and indemnify Sears against an underlying claim alleging defects related to an escalator that Hardin Inc. constructed in 1997. (Docs. 1 and 1-1). Hardin Inc. has refused to indemnify Sears, arguing that it is no longer obligated to do so. As a result, Sears claims Hardin Inc. has breached the indemnity provision of the parties' contract. The Complaint alleged that the four additional defendants were successors in interest to Hardin Inc.

On July 6, 2016, Defendants Hardin LLC, DPR Inc., and DPR GP filed a motion to dismiss all claims, arguing that the applicable Alabama statute of repose barred the claim. (Doc. 10). On November 6, 2016, Defendant Hardin Inc. filed a motion to dismiss, adopting the arguments contained in the July 6, 2016 motion to dismiss. (Doc. 38).

## II.   Discussion

### a.      Standard of Review

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the Plaintiffs, "accepting all well-pleaded facts that are alleged therein to be true." *E.g., Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013). "Under Rule 10(c) Federal Rules of Civil Procedure, [copies of written instruments that are exhibits to a pleading] are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion." *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam). "Fed. R. Civ. P. 8(a)(2) requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the claim is and the grounds

---

[3] *Kirksey v. Schindler Elevator Corporation et al.,* 15-CV-00115-WS-N (S.D. Ala.).

upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation omitted). "'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Id.* at 1289 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). A complaint's " '[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' " *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). While this "plausibility standard is not akin to a 'probability requirement' at the pleading stage, ... the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the claim." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Moreover, "'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *Id.* at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the plausibility standard, "'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show [n]"—"that the pleader is entitled to relief."'" *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2))). *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Importantly, ... courts may infer from the factual allegations in the complaint 'obvious alternative explanation [s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 567)).

"[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (quotation omitted)).

### b.    Analysis[4]

Defendants' motions to dismiss are based on their position that Ala. Code § 6-5-221, which is Alabama's construction statute of repose, bars Sears' claims. The parties do not dispute that the building was substantially completed on June 30, 1997. (Doc. 10-1 at 4). The allegations giving rise to the underlying action for which Plaintiff seeks indemnification occurred on or about June 14, 2014. (Doc. 1 at 5). The underlying action was filed in December 2014, and Sears sought indemnification on March 16, 2016. (*Id.* at 5-6). Thus, the demand for indemnification occurred nearly nineteen years after construction was substantially completed.

Pursuant to Ala. Code § 6-5-221:

(a) All civil actions in tort, contract, or otherwise against any architect or engineer performing or furnishing the design, planning, specifications, testing, supervision, administration, or observation of any construction of any improvement on or to real property, or against builders who constructed, or performed or managed the

---

[4] The construction contract (Doc. 1-1) does not contain a choice of law provision and the parties do not dispute that Alabama law controls. Under Alabama law, in the absence of such a provision, the law of the state where the contract is to be performed applies. "In fact, the long standing rule in Alabama is that 'the nature, obligation, validity and interpretation of a contract are according to the laws of the state where made, or where performance begins, ... unless it is to be performed in some other place, in which case the law of the other place and of performance will govern.'" *Owens v. Superfos A/S*, 170 F. Supp. 2d 1188, 1194–95 (M.D. Ala. 2001)(quoting *J.R. Watkins v. Hill*, 108 So. 244, 245 (1926). Accordingly, the Court will apply Alabama law.

construction of, an improvement on or to real property designed by and constructed under the supervision, administration, or observation of an architect or engineer, or designed by and constructed in accordance with the plans and specifications prepared by an architect or engineer, for the recovery of damages for:

> (i) Any defect or deficiency in the design, planning, specifications, testing, supervision, administration, or observation of the construction of any such improvement, or any defect or deficiency in the construction of any such improvement; or

> (ii) Damage to real or personal property caused by any such defect or deficiency; or

> (iii) Injury to or wrongful death of a person caused by any such defect or deficiency;

shall be commenced within two years next after a cause of action accrues or arises, and not thereafter. **Notwithstanding the foregoing, no relief can be granted on any cause of action which accrues or would have accrued more than seven years after the substantial completion of construction of the improvement on or to the real property, and any right of action which accrues or would have accrued more than seven years thereafter is barred,** except where prior to the expiration of such seven-year period, the architect, engineer, or builder had actual knowledge that such defect or deficiency exists and failed to disclose such defect or deficiency to the person with whom the architect, engineer, or builder contracted to perform such service.

(c) This section shall apply and extend to every action or demand, whether commenced by direct action, **action for contribution or indemnity**, or by counterclaim, cross-claim, or third party practice and whether commenced by an owner of the improvement or any other person…

Ala. Code § 6-5-221(emphasis added).

Thus, under Alabama law, in order for Sears' to have a timely indemnity claim, Sears' claim must have accrued on or before June 30, 2004, which is seven years after construction was substantially completed. Sears' claims did not arise until June 14, 2014. Thus, pursuant to Ala. Code § 6-5-221, the action is time barred. [5]

---

[5] When the construction contract was executed, the statute of repose was 13 years. In 2011, this statute was amended to shorten the period of repose from 13 to 7 years. Whether 13 or 7 years, Sears's claim still falls outside of this time period. The thirteen year period would have expired June 30, 2010.

However, an exception to Ala. Code § 6-5-221, found in Ala. Code § 6-5-227 exists. As outlined below, the parties may agree to extend the period of repose when certain requirements are met:

> Nothing contained in this article shall be construed to bar, prior to the expiration of a written express warranty, contract, or indemnity, causes of action or rights of action in contract against architects, engineers, and builders as defined in this article arising out of breach of contract for written express warranties, contracts, or indemnities **which by the written terms thereof shall extend beyond the period of seven years after the substantial completion of construction** of an improvement on or to the real property. Any written express warranty, contract, or indemnity for the purposes of an action in contract based upon the written express warranty, contract, or **indemnity shall be enforceable for the period of time specified in writing**, and all civil actions in contract arising out of the written express warranty, contract, or indemnity against any architect, engineer, or builder who gave the written express warranty, contract, or indemnity must be commenced within two years next after the cause of action accrues or arises, and not thereafter; and **no relief can be granted and shall be barred on any cause of action which accrues after the expiration of the term or period of said written express warranty, contract, or indemnity.**

Ala. Code § 6-5-227 (emphasis added).

While parties may execute written indemnity agreements that continue beyond seven years after construction is substantially completed, in order to do so, the "period of time" must be "specified in writing." Ala. Code § 6-5-227. Sears argues that this is exactly what the parties have done, that the contents of the construction contract's indemnity paragraph comport with Ala. Code § 6-5-227, and the parties intended for Defendants' indemnity obligations to endure indefinitely. As grounds, Sears points to the following language from the construction contract:

> The indemnification obligations hereunder shall not be limited by *any limitation* on the amount, type of damages, compensation or benefits payable by or for the Contractor or any subcontractor under workers' compensation acts, disability benefit acts, other employee benefit acts or *any statutory bar*.

(Doc. 1-1 at 1, ¶5) (emphasis added).

Sears argues that the inclusion of the phrase "any statutory bar" evidences the parties' intent for the indemnity obligations to continue indefinitely. In support, Sears cites two cases in support of their position that the indemnity obligations are ongoing. These cases are *Black Diamond Coal Mining Co. v. USX Corp.,* 581 So.2d 839 (Ala.1991) and *Lloyd Noland Found., Inc. v. Tenet Healthcare Corp.,* 277 F. App'x 923 (11th Cir. 2008). However, these cases are distinguishable, as neither involved a statute of repose or a construction contract. Further, the exception codified by Ala. Code § 6-5-227 was first enacted in 1994, which was after *Black Diamond* was decided in 1991.

Additionally, this Court is not called upon to determine whether an indemnity provision with an indefinite duration is permissible Alabama law. Rather, the Court must determine whether the indemnity provision of *this* construction contract between the parties satisfies the requirements of Ala. Code §6-5-227, which permits contracting parties to extend the period of repose when it is specified in writing.

The Court begins by examining the statute itself. Courts have long recognized that their "authority to interpret statutory language is constrained by the plain meaning of the statutory language in the context of the entire statute, as assisted by the canons of statutory construction." *Collins v. Experian Information Solutions, Inc.,* 775 F.3d 1330, 1334 (11th Cir. 2015) (citation omitted). Federal courts presume that the legislature "said what it meant and meant what it said." *CBS Inc. v. PrimeTime 24 Joint Venture,* 245 F.3d 1217, 1222 (11th Cir.2001) (citations omitted). To discern a statute's plain meaning, "[i]n the absence of a statutory definition of a term, we look to the common usage of words for their meaning." *Id.* (citations omitted). Courts "must interpret a statute in a manner consistent with the plain language of the statute unless doing so would lead to an absurd result." *United States v. Wilson,* 788 F.3d 1298, 1310 (11th

Cir.2015) (citation and internal quotation marks omitted). As Defendants point out, the Alabama

legislature codified its intent in adopting Ala. Code § 6-5-221's statute of repose:

> (e) The legislative objective of abolishing potential liabilities of architects and engineers and builders after the passage of a sufficient period of time from the completion of their work is rationally and reasonably related to the permissible state objective of removing responsibility from, and preventing suit against these regulated professions and builders which are least likely to be responsible or at fault for defects and deficiencies which cause injury long after their services or work is completed. The Legislature has deemed that, after a lapse of time of more than seven years without incident, the burden on the courts to adjudicate, the complexities of proof with the obstacle of faded memories, unavailable witnesses and lost evidence, and even where evidence is available, the opportunity for intervening factors such as acts or omissions of others in inadequate maintenance, improper use, intervening alterations, improvements and services, and other negligence, and such as changes in standards for design and construction and changes in building codes, and the burden on architects and engineers and builders, who have no control over the improvements after their services are completed, to disprove responsibility after acceptance and years of possession by other parties, all weigh more heavily in favor of repose or the abolishing of rights of action against architects and engineers and builders than allowing adjudication of the few, if any, meritorious claims which might have accrued thereafter. The Legislature finds that the burden of tenuous claims upon both the courts and architects and engineers and builders sufficiently vindicates the denial of a right of action after the passage of a period of seven years from the substantial completion of the construction of the improvement.

Ala. Code § 6-5-225(e). Additionally, the Alabama Supreme Court has stated:

> Buildings are unique in that typically they are intended to endure indefinitely if not permanently. Without [the construction statute of repose], architects, builders, and engineers would remain subject to liability until they die or, indeed, for some months after they have died. *See* 43–2–350(b), Ala.Code 1975. The construction statute of repose bears a substantial relationship to the eradication or amelioration of this potentially perpetual liability as well as the evils specifically found by the Legislature.

*Baugher v. Beaver Constr. Co.,* 791 So. 2d 932, 937 (Ala. 2000). The Court has been unable to

find any case law specifically addressing Ala. Code § 6-5-227. However, its language plainly

requires that parties wishing to extend the period of repose beyond seven years after the

substantial completion of construction must specify the period of time in writing.

Relevant tenets of contract interpretation under Alabama law include the following: "The question whether a contractual term is ambiguous or unambiguous is a question of law for the court to decide." *Hamilton v. Employees' Retirement System of Alabama,* 14 So.3d 839, ——, 2009 WL 129981, *3 (Ala. Jan. 16, 2009); *see also Mega Life and Health Ins. Co. v. Pieniozek,* 516 F.3d 985, 991 (11th Cir.2008) (under Alabama law, whether contract is ambiguous is a question of law for the court). Moreover, "[i]n determining whether the language of a contract is ambiguous, courts construe the words according to the interpretation ordinary men would place on the language used therein.... The words are given the meaning that persons with a usual and ordinary understanding would place on the words." *Progressive Specialty Ins. Co. v. Naramore,* 950 So.2d 1138, 1141 (Ala.2006) (citations and internal quotations omitted). "If the terms within a contract are plain and unambiguous, the construction of the contract and its legal effect become questions of law for the court." *Nationwide Ins. Co. v. Rhodes,* 870 So.2d 695, 696–97 (Ala.2003) (citation omitted). "General contract law requires a court to enforce, as it is written, an unambiguous and lawful contract." *Drummond Co. v. Walter Industries, Inc.,* 962 So.2d 753, 780 (Ala.2006). By contrast, "[i]f the trial court finds the contract to be ambiguous, it must employ established rules of contract construction to resolve the ambiguity," and may only submit the ambiguity to the finder of fact if application of those canons of construction proves insufficient to resolve it. *Pieniozek,* 516 F.3d at 992 (internal quotations and citations omitted); *see also New Gourmet Concepts, Inc. v. Siedo Investments Co.,* 988 So.2d 961, 967 (Ala.2007) ("When we find an agreement to be ambiguous, we must employ established rules of contract construction to resolve the ambiguity found in the inartfully drafted document.") (citation omitted).

While the sentence in question in the contract could have been better drafted, the Court is able to dissect it. The sentence broken down and enumerated according to punctuation states as follows:

The indemnification obligations hereunder shall not be limited by *any limitation on*

1) the amount,
2) type of damages,
3) compensation or
4) benefits

payable by or for the Contractor or any subcontractor under

1) workers' compensation acts,
2) disability benefit acts,
3) other employee benefit acts or
4) *any statutory bar*.

(Doc. 1-1 at 1, ¶5) (emphasis added).

Thus, the amount of indemnification, payable by the Contractor, is not limited by a statutory bar. However, this provision cannot reasonably be interpreted to be a written extension of the statute of repose as required by Ala. Code § 6-5-227. Rather it appears that its purpose was to remove any limitations on the amount of recovery. Even accepting Sears' argument that the parties intended duration of the construction contract's indemnity obligations not be limited by "any statutory bar," including the statute of repose, the contract language still does not satisfy the requirements of §6-5-227 because the intended "period of time" is not "stated in writing." Accordingly, as the language used in the contract does not extend the applicable period of repose, Sears' claims are time barred pursuant to Ala. Code §220 *et seq*.

**III.**     **Conclusion**

Upon consideration of the foregoing, the Defendants' motions to dismiss filed pursuant to

Fed. R. Civ. P. 12(b)(6) are **GRANTED,** as Sears' claims are time barred. (Docs. 10 and 38).

Pursuant to Fed. R. Civ. P. 58, judgment will issue by separate document.

**DONE** and **ORDERED** this **26**th day of **October 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**